IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SENRICK WILKERSON, #1885146,** § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. 3:17-CV-1508-C-BK |
| § | |
| **LORIE DAVIS, Director TDCJ-CID,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this habeas case was referred to the United States magistrate judge. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**I. BACKGROUND**

On December 20, 2017, it came to the Court's attention that Petitioner, a state prisoner proceeding *pro se*, had been released from the Texas Department of Criminal Justice, but had not informed the Court of his current address. The *Notice and Instructions to Pro Se Party*, which the Clerk of the Court mailed to Petitioner when this case was filed, advised him of the requirement to keep the Court informed of his change of address or risk dismissal. Doc. 2. To date, he has failed to do so.

Petitioner is no stranger to the federal courts, having filed 50 cases over the last six years challenging his convictions as he again does in this case.[1] Doc. 3. Consequently, he has been barred from filing new civil actions under the three-strikes provision of 28 U.S.C. § 1915(g), and sanctioned for repeatedly bringing frivolous or malicious civil lawsuits challenging his

---

[1] PACER Case Index available at https://www.pacer.gov/psco/cgi-bin/links.pl (last visited on December 20, 2017).

convictions.  *See, e.g., Wilkerson v. Watkins*, No. 3:13-CV-1326-M-BF, 2013 WL 6620861, at *1 and 4 (N.D. Tex. Dec. 16, 2013) (collecting prior cases, imposing monetary sanction, and barring Plaintiff "from filing any other actions, motions, or pleadings of any kind challenging his conviction without first obtaining the permission of a district judge or magistrate judge."); *Wilkerson v. State Prosecutor Brooke Grona-Robb*, No. 3:15-CV-2162-G-BH, 2016 WL 865660, at *1 (N.D. Tex. Mar. 7, 2016) (expanding sanctions and filing restrictions to include removed cases).  Petitioner has also been warned that he will be subject to additional sanctions if he files another application for writ of habeas corpus or federal civil rights claim challenging his underlying criminal convictions.  *Wilkerson v. Stephens*, No. 3:14-CV-2349-G-BN, 2014 WL 4412474 (N.D. Tex. Sept. 8, 2014); *In re Wilkerson*, No. 17-11007 (5th Cir. Nov. 22, 2017).

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

As previously stated, Petitioner has failed to keep the Court apprised of his current address as required by the *Notice and Instructions to Pro Se Party* mailed to him when this case was filed.  The Court is not required to delay disposition in this case until such time as Petitioner provides a current address.  Thus, this action should be dismissed without prejudice for lack of prosecution.  *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.[2]

SIGNED January 19, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is cautioned that there is a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), which is applicable to this petition as well as to any other filed in this court.